UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 13-9175 DSF (SHx) | Date | 2/26/14 |
| Title | CSMC 2006-C5 Office 4545, LLC v. Vinod K. Gupta | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction

The complaint in this case alleges subject matter jurisdiction due to the diversity of the parties. The parties are not diverse. Defendant, an individual, is a citizen of California. Plaintiff, an LLC, has as its sole member Wells Fargo Bank, N.A. From past cases involving Wells Fargo, the Court has reason to believe that its principal place of business is in California and, therefore, it is a citizen of California.

Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. In Wachovia Bank v. Schmidt, 546 U.S. 303 (2006) (Schmidt), the Supreme Court held "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." Id. at 307. Wells Fargo's main offices are located in South Dakota.

Nonetheless, this Court is bound by an earlier Ninth Circuit case, Am. Sur. Co. v. Bank of California, 133 F.2d 160 (9th Cir. 1943) (American Surety). In American Surety, the court interpreted a predecessor statute to 28 U.S.C. § 1348, holding that "[s]tates in which they (national banking associations) are respectively located are those states in which their principal places of business are maintained." Id. at 162. As the Ninth Circuit has stated, "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled" only "where intervening Supreme Court authority is clearly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

irreconcilable with our prior circuit authority." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003). Applied here, American Surety and Schmidt are not "clearly irreconcilable." Although Schmidt held that a national bank is "located" in the state containing its main offices, it did not hold that this was the *exclusive* location. Indeed, in a footnote, the Supreme Court implied that it did not reach this issue: "The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide." Schmidt, 546 U.S. at 317 n.9. Because the holdings of both Schmidt and American Surety can be reconciled, this Court is bound by both. Recently, Wells Fargo admitted to this Court that its principal place of business is in California. If this remains true, it is a citizen of both South Dakota and California, and the parties are not completely diverse.

      Therefore, Plaintiff is ordered to show cause, in writing, no later than March 6, 2014, why this case should not be dismissed for lack of subject matter jurisdiction.

      IT IS SO ORDERED.